**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-10630**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**GERRY LISBY AND JERRY LISBY,**

**Defendants-Appellants.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(4:95-CR-107-Y)**
_____

May 23, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Brothers Gerry and Jerry Lisby appeal their convictions for conspiracy to possess with intent to distribute amphetamine and aiding and abetting. We **AFFIRM**.

Gerry Lisby contends that the district court erred in denying his motion to sever the trial on the ground that the Government intended to introduce testimony of a Government witness that Jerry

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Lisby had threatened that witness. Jerry Lisby did not threaten the witness for offering testimony against Gerry Lisby and there is no reason to believe that the jury would have been unable to follow the trial court's cautionary instruction in considering the witness' testimony. The trial court did not abuse its discretion in denying the motion. *See* **United States v. Rocha**, 916 F.2d 219, 229-31 (5th Cir. 1990) *cert. denied*, 500 U.S. 934 (1991).

Gerry and Jerry Lisby contend that the district court erred in failing to dismiss venire person Crouch for cause. Because Ms. Crouch indicated that she could be fair and impartial and because there was no evidence that she was biased against the Lisby brothers, the district court did not abuse its discretion in denying the motion to strike her. *See* **United States v. Munoz**, 15 F.3d 395, 397 (5th Cir.) *cert. denied*, 511 U.S. 1134 (1994); **United States v. Nell**, 526 F.2d 1223, 1229 (5th Cir. 1976).

Gerry Lisby contends that the district court erred in admitting hearsay testimony by witness David Mitchell that some of his employees had stated that money given him by Gerry Lisby had smelled unusual. Because there was no contemporaneous objection, Gerry Lisby concedes this issue should be reviewed only for plain error. *See, e.g.,* **Douglass v. United Services Auto. Ass'n**, 79 F.3d 1415, 1420 (5th Cir. 1996)(en banc); **Robertson v. Plano City of Texas**, 70 F.3d 21, 23 (5th Cir. 1995). If an appellant shows clear or obvious error that affects his substantial rights, this court

has discretion to correct a forfeited error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See* **United States v. Calverley**, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc), *cert. denied*, 115 S.Ct. 1266 (1995). The testimony at issue was not substantially probative of guilt and its admission did not seriously affect the fairness or integrity of the trial.

Jerry Lisby contends that the district court erred in admitting hearsay testimony by Government witness Robert Baskin pursuant to Fed. R. Evid. 801(d)(2)(E). The Government counters that we should review only for plain error. We need not decide this standard of review question, because the statement was clearly in furtherance of the conspiracy and there was no error, plain or otherwise, in admitting the evidence.

Jerry Lisby contends the district court erred in limiting the scope of his cross-examination of Baskin regarding Baskin's prior use of illegal drugs. But, Jerry Lisby was permitted wide-ranging cross-examination of Baskin. Baskin admitted to long-term drug use and to the possibility that drug abuse could cause brain damage and hallucinations. Jerry Lisby was not prevented from undermining Baskin's testimony by showing that Baskin had abused drugs. The district court did not abuse its discretion in limiting the scope of the inquiry. *See* **United States v. Wallace**, 32 F.3d 921, 926 (5th Cir. 1994).

Finally, Gerry Lisby contends that the district court erred in adjusting his offense level for obstruction of justice, pursuant to U.S.S.G. § 3C1.2.  In adopting the findings in the presentence report, the district court implicitly concluded that Gerry Lisby's testimony denying any involvement in the conspiracy was material because it was clearly designed to influence the outcome of the case.  *United States v. Cabral-Castillo*, 35 F.3d 182, 187 (5th Cir. 1994) *cert. denied*, 115 S.Ct. 1157 (1995); *see United States v. Laury*, 985 F.2d 1293, 1308 (5th Cir. 1993); § 3C1.2, comment. (n.3(b)).  The district court's findings were adequate and not clearly erroneous.  *See United States v. Storm*, 36 F.3d 1289, 1295 (5th Cir. 1994); *Cabral-Castillo*, 35 F.3d at 186-87.

*AFFIRMED*